**Date Signed:**
**October 29, 2026**

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>Hawaii Mold and Flood LLC,<br><br>Debtor and<br>debtor-in-possession. | Bk. No. 26-00144<br>(Chapter 11)<br>(Subchapter V)<br>(Jointly administered)<br><br><u>Confirmation Hearing</u><br>Date: August 31, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Robert J. Faris |
| [Relates to All Cases] | [Related to dkt. ## 121, 126, 129-131] |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING FIRST AMENDED JOINT SMALL BUSINESS <u>PLAN OF REORGANIZATION</u>**

The *First Amended Joint Small Business Plan of Reorganization* [ECF No. 121] as further supplemented, modified or amended by the Confirmation Order, together with all schedules and exhibits thereto (the "Plan"),[1] filed by Glen Kelsey

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

("Kelsey" or "Debtor") and Hawaii Mold and Flood, LLC ("HMF" or "Debtor" and together with Kelsey, the "Debtors") came on for hearing on August 31, 2026 (the "Confirmation Hearing"), before the Honorable Robert J. Faris, United States Bankruptcy Judge for the District of Hawaii ("Court"). Appearances are noted in the record.

Having considered all the pleadings and evidence filed in support of confirmation, all the objections to confirmation of the Plan having been resolved as reflected in the Confirmation Order or otherwise overruled, and based on the record in this case, the arguments and representations of counsel, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

## **FINDINGS OF FACT**

1. On April 17, 2023, Robert Larsson and his wholly-owned entity, 808 Consultant LLC ("808", and together with Robert Larsson, the "Larsson Parties"), filed a Complaint in the Circuit Court of the Third Circuit for the State of Hawaii (the "Circuit Court") against the Glen Kelsey ("Kelsey) and his limited liability company, Hawaii Mold and Flood, LLC ("HMF"; together with Kelsey, the "Debtors"), alleging claims for breach of contract, quantum meruit, and misrepresentation, in *Larsson vs. Hawaii Mold and Flood, LLC.,* Civil No. 3CCV-23-0000148 (the "Lawsuit").

2. The Larsson Parties obtained an original judgment in the amount of



U.S. Bankruptcy Court - Hawaii #26-00144 Dkt # 159 Filed 10/29/26 Page 2 of 20

$1,354,972.50 against the Debtors on November 4, 2025, and an amended judgment in the amount of $1,733,225.16 against the Debtors on January 2, 2026.

3. The Larsson Parties recorded the original judgment and amended judgment and also obtained, through garnishments, a total of $364,161.22 from accounts maintained by HMF and Kelsey at Central Pacific Bank during the 90 days prior to the bankruptcy filings by the Debtors.

4. On January 22, 2026, the Debtors appealed the amended judgment to the Intermediate Court of Appeals for the State of Hawaii, in case number CAAP-26-0000053 (the "Appeal").

5. On January 25, 2026, Kelsey filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11, United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Hawaii (the "Court").

6. On February 20, 2026, HMF filed a voluntary petition for relief under Subchapter V of Chapter 11 the Bankruptcy Code in the Court.

7. On February 26, 2026, the Court entered an order directing the joint administration of the Kelsey and HMF chapter 11 cases (the "Chapter 11 Cases") with HMF as the lead case.

8. The Office of the U.S. Trustee ("UST") appointed Wayne K.T. Mau as the Subchapter V Trustee in both Chapter 11 Cases.

9. Both Kelsey and HMF qualify as a "debtor" within the meaning of section 1182(1) of the Bankruptcy Code.

10. On June 2, 2026, the Debtors filed their *Joint Small Business Plan of Reorganization* (the "Initial Plan") in which claims of the Larsson Parties were designated in its own standalone class (Class 4), with their claims treated as general unsecured creditors (Classes 8 and 9). *See* dkt. # 83.

11. On June 2, 2026, the Larsson Parties filed a Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6) against the Debtors commencing Adv. Pro. No. 26-90015 (the "Nondischargeability Action").

12. On June 9, 2026, HMF filed a Complaint against the Larsson Parties to avoid any judicial liens and to avoid and recover alleged preference payments, and commenced Adv. Pro. No. 26-90016 (the "HMF Avoidance Action").

13. On June 10, 2026, Kelsey filed a Complaint against the Larsson Parties to avoid any judicial liens and to recover alleged preference payments, commencing Adv. Pro. No. 26-90017 (the "Kelsey Avoidance Action").

14. On July 8, 2026, the Debtors filed a *Motion for Order Approving Settlement Agreement* seeking the approval of a settlement among the Debtors and the Larsson Parties which, among other things, provided for an additional payment



U.S. Bankruptcy Court - Hawaii #26-00144 Dkt # 159 Filed 10/29/26 Page 4 of 20

of $485,838.78, the dismissal of the Appeal, the Nondischargeability Action, the HMF Avoidance Action and the Kelsey Avoidance Action. *See* dkt. # 105.

15. On July 22, 2026, the Court entered an order approving the Settlement Motion. *See* dkt. # 119.

16. On July 13, 2026, the Court entered an *Order Scheduling a Hearing on Plan Confirmation and Setting Deadlines* and scheduling, among other dates, a confirmation hearing for August 31, 2026. *See* dkt. # 100.

17. On July 29, 2026, the Debtors filed their *First Amended Joint Small Business Plan of Reorganization* (the "Plan"), to eliminate Class 4 – Treatment of the disputed secured claim of the Larsson Parties, and modify the treatment of the General Unsecured Creditors to eliminate reference to the Larsson Parties. *See* dkt. # 121.

18. The following items were transmitted to creditors and parties in interest: (a) the Plan, (b) the notice of the Confirmation Hearing, and (c) a ballot (if applicable) to the appropriate parties by the Debtor before the deadline set by the Court of July 13, 2026, as reflected on the Certificate of Service filed on the docket for this Chapter 11 Case. *See* dkt. # 125. Said service was adequate and proper as provided by the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and no other or further notice is or shall be required.

19. On August 19, 2026, the Department of Taxation for the State of

Hawaii filed a statement of position regarding the Plan. *See* dkt. # 126.

20. On August 24, 2026, the Debtor filed its: (1) *Joint Confirmation Brief for First Amended Small Business Plan of Reorganization*; (2) the *Declaration of Glen Kelsey in Support of Confirmation of Small Business Debtor's Plan of Reorganization* (the "Kelsey Declaration"); and (3) the *Declaration of Allison A. Ito Regarding Tabulation of Ballots and in Support of Confirmation of [the Plan]* (the "Ballot Tabulation"). *See* dkt. ## 129-131.

21. This Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

22. To the extent not resolved pursuant to the Confirmation Order or withdrawn, all objections to the confirmation of the Plan are overruled in all respects as set forth herein.

**Bankruptcy Code Requirements for Confirmation and Classification**

23. The Debtors have the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of evidence and have done so as set forth herein.

24. The Plan provides that Administrative Claims will be paid in full, on the later of the Effective Date of the Plan or (if applicable) the date such Administrative Claims are allowed by the Bankruptcy Court.

25. The Plan designates eight (8) Classes of Claims and one Class of Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Plan.

26. The Plan specifies that Classes 1, 2, 3, and 5 are not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code. Said Classes are deemed to have accepted the Plan because they are not impaired under the Plan.

27. The Plan designates that Classes 4 (Kelsey - Disputed Secured claim of Kona Lawyer), 6 (Kelsey-Priority Unsecured Claim of Rinlaphat Montha), 7 (HMF – General Unsecured Claims), and 8 (Kelsey - General Unsecured Class) are impaired, and specifies the treatment of Claims in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

28. Votes to accept and reject the Plan were solicited from Creditors holding Claims in Classes 4 (Kelsey - Disputed Secured claim of Kona Lawyer), 6 (Kelsey – Priority Unsecured Claim of Rinlaphat Montha), 7 (HMF – General Unsecured Claims), and 8 (Kelsey - General Unsecured Class). Such votes were



U.S. Bankruptcy Court - Hawaii #26-00144 Dkt # 159 Filed 10/29/26 Page 7 of 20

solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and bankruptcy practices.

29. As set forth in the Ballot Tabulation, Classes 4, 6, and 8 voted to accept the Plan, pursuant to Section 1126(c) of the Bankruptcy Code. No votes were received from Class 7.

**Treatment of Claims**

30. The Holders of the Secured claim of Kona Lawyer (Class 4), Priority Unsecured Claim of Rinlaphat Montha (Class 6), and Allowed General Unsecured Claims Against Kelsey (Class 8) will receive at least as much as they would receive in a case under Chapter 7 of the Bankruptcy Code with respect to those Claims. The treatment of Classes 4, 6, and 8 is fair and equitable and does not unfairly discriminate against said Classes.

31. The Holders of Allowed General Unsecured Class Against HMF (Class 7) will receive at least as much as they would receive in a case under Chapter 7 of the Bankruptcy Code with respect to those Claims. The treatment of Class 7 is fair and equitable and does not unfairly discriminate against said Class.

**Equity Interests**

32. The Holders of Allowed Equity Interests in Class 9 will retain their Equity Interests under the Plan.



U.S. Bankruptcy Court - Hawaii #26-00144 Dkt # 159 Filed 10/29/26 Page 8 of 20

33. The Plan provides for the same treatment of each Claim or Equity Interest in each respective Class, unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

**Means of Implementation**

34. The Plan provides for adequate and proper means for its implementation through the proceeds realized from the operations of the Debtors. The provisions governing the making of distributions and payments, the distribution procedures, mechanisms and proposed allocations are necessary, fair, reasonable and appropriate.

35. The Debtors have demonstrated adequate assurance of future performance with respect to any assumed executory contracts and leases pursuant to Bankruptcy Code section 365. No party to an executory contract has objected to the Plan or the assumption of any executory contract.

36. The Debtor has exercised sound and considered business judgment in the formulation of the Plan. The Debtor has demonstrated sound business purpose and justification for the Plan, pursuant to Bankruptcy Code section 363(b).

37. Any finding of fact subsequently determined to be a conclusion of law shall be deemed a conclusion of law.

38. These proceedings are a core proceeding pursuant to 28 U.S.C. §

157(b)(2).

39. This Court has jurisdiction over this Chapter 11 Case, pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction over all of the Debtor's assets and to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

## Confirmation Requirements

### Consensual and Non-Consensual Plan: Section 1191and Section 1129(a)

40. All of Kelsey's impaired creditors (Classes 4 (Kona Lawyer), 6 (Rinlaphat Montha), and 8 (General Unsecured Claims)) voted to accept the Plan and the Plan as to Kelsey is confirmed as a "consensual plan" within the meaning of section 1191(a). HMF's impaired creditors (Class 7 (general unsecured creditors)) did not return a ballot and are deemed to reject the Plan, however, the Plan as to HMF may be confirmed as a "non-consensual plan" within the meaning of section 1191(b) provided all the requirements of section 1129(a), other than paragraphs 1129(a)(8), (10) and (15), are met, and the plan "does not discriminate unfairly," and is "fair and equitable" with respect to each class of claims of interests that is impaired under, and has not accepted the Plan.

41. The Plan satisfies the requirements for confirmation set forth in sections 1129, 1190 and 1191 of the Bankruptcy Code.

**Section 1129(a)(1)**

42. The Plan complies with the applicable provisions of the Bankruptcy Code, as set forth below, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(a) The Plan properly places substantially similar Claims and Equity Interests in each Class and designates such Classes of Claims and Equity Interests as impaired or unimpaired, thereby satisfying sections 1122 and 1123(a)(1) of the Bankruptcy Code;

(b) The Plan specifies the treatment of each Class that is not impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code;

(c) The Plan specifies the treatment of each Class that is impaired, thereby satisfying section 1123(a)(3) of the Bankruptcy Code;

(d) The Plan provides for the same treatment for each Claim or Equity Interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying section 1123(a)(4) of the Bankruptcy Code;

(e) The Plan includes the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to and in

accordance with the Plan provisions, thereby satisfying section 1123(a)(5) of the Bankruptcy Code;

(f) Section 1123(a)(6) of the Bankruptcy Code does not apply to the Debtors or the Plan;

(g) HMF has disclosed the identity of the post-confirmation management for the Reorganized Debtor, consistent with the interests of Creditors, Holders of Equity Interests, and public policy in accordance with section 1123(a)(7) of the Bankruptcy Code, and because Kelsey is an individual, section 1123(a)(7) does not apply to him;

(h) The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i) The Plan is dated and identifies the Debtors as proponents, thereby satisfying Bankruptcy Rule 3016(a).

**Section 1129(a)(2)**

43. The Debtors, as proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

(a) Each Debtor is a proper debtor under section 109 of the Bankruptcy Code;

(b) Each Debtor has complied with applicable provisions of

the Bankruptcy Code, except as otherwise provided or permitted by orders of this Court; and

(c) Each Debtor complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, and related documents and notices.

**Section 1129(a)(3)**

44. Each Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Plan was proposed with the legitimate and honest purpose of maximizing the value of each of the Debtor's Estates, to satisfy substantial obligations of such Debtor, and to effectuate a successful reorganization of such Debtor. The good faith of each Debtor is evident from the facts and records of this case, the Plan, the record of the Confirmation Hearing and other proceedings held in this case.

**Section 1129(a)(4)**

45. Any payment made or to be made by each Debtor for services or for costs and expenses in or in connection with such Debtor's Chapter 11 Case, or in connection with the Plan and incident to such Debtor's Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

**Section 1129(a)(5)**

46. HMF has complied with section 1129(a)(5) of the Bankruptcy Code. The identity of the individuals who will serve as the post-confirmation management of the Reorganized Debtor as of the Effective Date has been fully disclosed. The appointment to, or continuation in, such offices of such person is consistent with the interests of Holders of Claims against, and Equity Interests in, HMF and with public policy. The identity of any Insider that will be employed or retained by the Reorganized Debtor after the Effective Date and the nature of such Insider's compensation have also been fully disclosed.

47. Because Kelsey is an individual, this subsection is inapplicable to him.

**Section 1129(a)(6)**

48. Section 1129(a)(6) of the Bankruptcy Code is not applicable to this Debtor.

**Section 1129(a)(7)**

49. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analyses annexed as Exhibits E and F to the Plan: (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establishes that each Holder of a Claim or Equity Interest in an impaired Class that has either: (i) accepted the Plan, (ii) not opposed confirmation of the Plan, or (iii) will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a

value, as of the Effective Date, that is not less than the amount that Holder would receive or retain if such Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

**Section 1129(a)(8)**

50. Creditors with Allowed Claims in Classes 1, 2, 3, 5, and Holders of Equity Interests in Class 9, respectively, are unimpaired and, therefore, conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.

51. Kona Lawyer (Class 4), Rinlaphat Montha (Class 6), HMF – General Unsecured Claims (Class 7), and Kelsey - General Unsecured Class (Class 8), are impaired and entitled to vote on the Plan. As detailed in the Ballot Tabulation, Classes 4, 6, and 8 voted in favor of the Plan. Accordingly, the requirements of Section 1129(a)(8) of the Bankruptcy Code are either not applicable to a debtor in a Subchapter V proceeding, or have been satisfied.

**Section 1129(a)(9)**

52. The treatment of the Administrative Claims and Priority Tax Claims under the Plan, as may be modified in accordance with the provisions of the Confirmation Order, satisfies the requirements of Bankruptcy Code section 1129(a)(9).

### Section 1129(a)(10)

53. Section 1129(a)(10) requires that at least one class of claims that is impaired under the plan has voted to accept the plan, determined without including any acceptance of the plan by any insider. 11 U.S.C. § 1129(a)(10). As set forth in the Ballot Tabulation, Classes 4, 6, and 8 voted to accept the Plan.

54. For a Debtor seeking to confirm a non-consensual plan under section 1191(b), the requirements of section 1129(a)(10) of the Bankruptcy Code, which requires that at least one class of impaired claims has accepted the plan, determined without including the acceptance of the plan by any insider holding a claim in such class, need not be satisfied.

### Section 1129(a)(11)

55. The evidence proffered, adduced, or presented in support of the confirmation of the Plan, including the Kelsey Declaration (dkt. # 130): (a) is persuasive and credible, (b) is feasible, and (c) establishes that confirmation and consummation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

56. In order to satisfy section 1129(a)(11) of the Bankruptcy Code, the Debtors need not prove that there is an absolute certainty that the conditions to confirmation will be met. On the contrary, the Debtors need only show that the Plan

offers a reasonable assurance of success. The Plan projections show that Reorganized Debtors will have adequate capital and net operating income to meet their respective ongoing obligations.

**Section 1129(a)(12)**

57. Each of the Debtors' Chapter 11 Case is proceeding under Subchapter V, and as such, each Debtor is not required to pay fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code. Thus, the Debtors need not satisfy the requirements of Bankruptcy Code section 1129(a)(12).

**Section 1129(a)(13)**

58. Section 1129(a)(13) of the Bankruptcy Code, which requires a plan to provide for the continuation of payment of all "retiree benefits" does not apply to the Debtors.

**Other Matters**

59. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency, with standing to raise an objection, has, in fact, raised any such objection pursuant to Bankruptcy Code section 1129(d), or sought to deny confirmation of the Plan on the ground that the principal purpose of the Plan is the avoidance of taxes. Thus, there is strong evidence that the principal purpose of the Plan is not tax avoidance.

60. Based on the record before the Court in the Chapter 11 Cases, the Debtors and their respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

61. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

62. Each Debtor has satisfied the requirements of Bankruptcy Code section 365(b)(1) in connection with the assumption of any Assumed Executory Contracts. Each of the Assumed Executory Contracts is an executory contract or an unexpired lease of a Debtor under Bankruptcy Code section 365. All conditions under Bankruptcy code section 365 for the assumption by such Debtor of each Assumed Executory Contract to which it is a party have been satisfied.

63. The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article 6.4 of the Plan and Bankruptcy Code section 1142. It is appropriate for the Court to retain jurisdiction to: (a) enforce and implement the



U.S. Bankruptcy Court - Hawaii #26-00144 Dkt # 159 Filed 10/29/26 Page 18 of 20

terms and provisions of the Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Plan; and (d) resolve any disputes arising under or related to the Plan.

64. Pursuant to Bankruptcy Code section 1146(a): (a) any issuance, transfer, or exchange of notes or equity securities under the Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax, conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

65. In accordance with section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good-faith compromise of all Claims that all Holders of Claims may have with respect to any Allowed Claim or any distribution to be made on account of such Allowed Claim. The compromise and settlement of such Claims embodied in the Plan, if any, are proper, fair, equitable, and reasonable and in the best interests of such Debtor, the Estate, and all Holders of Claims.

66. Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

67. Based on the foregoing findings and conclusions, it is appropriate for

the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**

Approved as to form:

/s/ Amy L. Lambdin
Amy L. Lambdin, Esq.
Counsel for Office of U.S. Trustee

/s/ Carisa Lima Ka'ala Duffy
Nathan S.C. Chee, Esq.
Carisa Lima Ka'ala Duffy, Esq.
Deputy Attorneys General
Counsel for Department of Taxation, State of Hawaii

Submitted by:

CHOI & ITO,
Attorneys at Law
CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Tel: (808) 533-1877
Fax: (808) 566-6900
E-mail: cchoi@hibklaw.com
aito@hibklaw.com

Attorneys for Glen Kelsey

TSUGAWA LAU & MUZZI LLLC
CHRISTOPHER J. MUZZI 6939
55 Merchant Street, Suite 300
Honolulu, Hawaii 96813
Telephone No.: (808) 531-0490
Facsimile No.: (808) 534-0202
E-Mail: cmuzzi@hilaw.us

Attorney for Hawaii Mold and Flood, LLC